IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Felicia Lee Sims, | Civil Action No. 5:25-cv-8274-CMC |
| Plaintiff, | |
| vs. | **ORDER** |
| Frank Bisignano, Commissioner of Social Security Administration, | |
| Defendant. | |

Through this action, Plaintiff Felicia Lee Sims ("Sims" or "Plaintiff") seeks judicial review of the final decision of the Commissioner of Social Security denying her claim for Supplemental Security Income ("SSI"). Plaintiff appealed pursuant to 42 U.S.C. § 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(b)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

The Report, filed June 18, 2026, recommends the decision of the Commissioner be affirmed. Dkt. No. 22. On July 1, 2026, Plaintiff filed objections to the Report. Dkt. No. 23. On July 6, 2026, the Commissioner filed a response to Plaintiff's objections. Dkt. No. 24. For the reasons stated below, the court adopts the Report and affirms the decision of the Commissioner.

### <u>Standard</u>

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."[1] 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v.*

---

[1] "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). "It means – and it means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 578 U.S. 97, 103 (2019).

*Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. However, the court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson*, 434 F.3d at 653. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

### Background

Plaintiff applied for SSI on June 17, 2021, alleging disability as of May 28, 2020, due to pressure on heart; sleep apnea; neuropathy in feet; scoliosis; cannot walk nor stand for long period of time; hips go out, feels like bone on bone; high blood pressure; and high cholesterol. Dkt. No. 11-6 at 6. Plaintiff's application was denied initially and upon reconsideration. A hearing was held on July 18, 2024, before an Administrative Law Judge ("ALJ"), who issued a decision finding Plaintiff was not disabled. Dkt. No. 11-2 at 12-24. Plaintiff requested review by the Appeals Council, which was denied, making the ALJ's decision the final decision of the Commissioner. *Id.* at 2. Plaintiff then filed an action in this court on July 24, 2025. Dkt. No. 1.

### Discussion

The Magistrate Judge recommends the court affirm the Commissioner's decision as the Plaintiff has not shown the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard. Dkt. No. 22 at 22.

3

Plaintiff objects to the Report on three grounds: the findings related to (1) Sherman Chiropractic, (2) Plaintiff's use of a cane, and (3) Plaintiff's effective lack of insurance and its impact on "technical failures of the medical evidence to address the necessity of her cane." Dkt. No. 23.

Defendant notes Plaintiff's arguments are the same presented in her Brief and Reply Brief, and thus were already considered by the Magistrate Judge. Dkt. No. 24. He contends they remain unpersuasive for the reasons stated in his briefing and the Report, and requests the court adopt the Report and affirm the ALJ.

1) *Chiropractic Treatment*

Plaintiff objects to the Magistrate Judge and ALJ's evaluation of her treatment at Sherman Chiropractic. Dkt. No. 23 at 2. She contends the ALJ's characterization of the evidence and medical notes from Sherman, that Plaintiff had no complaints and felt well, is not accurate. She argues she had no **new** complaints, but was being treated for severe spinal issues and pain. She cites other records from Sherman noting moderate disc degeneration, frequent rest required, and fair/poor prognosis. *Id.* Plaintiff argues the ALJ discounted the questionnaire response that Plaintiff would need significant unscheduled breaks and accommodations due to her pain. *Id.* at 3-4. She objects to the ALJ's finding the questionnaire is inconsistent with the record as a whole. *Id.* at 4. In addition, she notes the Report does not analyze the "fundamental issue related to Sherman, which is that in light of Plaintiff's uninsured status and/or inability to pay, she treated primarily with a chiropractor, whose records should have been accorded greater weight." *Id.*

4

The court agrees with the Magistrate Judge the function of the court is not to weigh the evidence or substitute its own judgment for that of the ALJ, but to determine whether the ALJ's decision is supported by substantial evidence or reached through application of an incorrect legal standard. Here, the ALJ considered records and the questionnaire from Sherman Chiropractic and determined the reported limitations were not consistent with Sherman's own records. Dkt. No. 11-2 at 22. In addition, the ALJ noted Plaintiff presented to Sherman many times with "no **new** complaints." *Id.* at 20 (emphasis added). The court therefore finds the ALJ appropriately considered the records and information from Sherman; the decision is supported by substantial evidence present in Plaintiff's medical records; and there was no application of an incorrect legal standard.[2]

Accordingly, the court overrules Plaintiff's objection regarding Sherman Chiropractic and Plaintiff's care there.

### 2) *Use of a Cane*

The ALJ found Plaintiff's use of a cane "at all times when standing or for balance" was not confirmed in the record as medically necessary. See Dkt. No. 22 at 18. The Magistrate Judge agreed, noting Plaintiff failed to point to medical evidence not considered by the ALJ to show she

---

[2] Although Plaintiff argues the Magistrate Judge did not address the issue that Plaintiff saw Sherman because she didn't have insurance or money to see another provider, neither the ALJ nor the Magistrate Judge discounted Sherman's records or the questionnaire because it was a chiropractor's office. The ALJ did state "to the extent this is from an acceptable medical source," it was not persuasive because it was not consistent with that office's own medical records. *See id.* at 22. This will be discussed further below.

5

needed a cane for standing or walking. *Id.* at 19. Instead, Plaintiff cited evidence regarding lower extremity swelling, and the Magistrate Judge found the ALJ considered Plaintiff's testimony she used a cane. However, Plaintiff's testimony is not objective evidence of a medical necessity. *Id.* As noted in the Report, SSR 96-9p requires medical documentation of the *need* for a cane, not merely the use of one. *Id.* The Magistrate Judge therefore found the ALJ did not err in failing to include the need for a cane in his hypotheticals to the Vocational Expert. *Id.* at 19-20.

Plaintiff objects, arguing her testimony regarding use of a cane is supported by medical records delineating "gait problems and joint swelling." Dkt. No. 23 at 5. She acknowledges "medical evidence suggests that the Plaintiff's cane is medically necessary, although it is true that such medical dicta is never mentioned by a provider." *Id.* To the extent the ALJ ruled otherwise in finding the evidence does not suggest Plaintiff requires a cane, Plaintiff asserts this was error. *Id.* Plaintiff objects to the Report "in that it does not acknowledge the relationship between Plaintiff's occasional uninsured status, her lack of funds, her lack of medical records, and the absence of the phrase 'medically necessary' in her records relating to her cane." *Id.* at 6.

SSR 96-9p includes a section on "Medically required hand-held assistive device:"

To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information). The adjudicator must always consider the particular facts of a case. For example, if a medically required hand-held assistive device is needed only for prolonged ambulation, walking on uneven terrain, or ascending or descending slopes, the unskilled sedentary occupational base will not ordinarily be significantly eroded.

6

SSR 96-9p, 1996 WL 374185, at *7 (1996). "It is well-settled that a claimant bears the burden of establishing that a cane is medically required." *Harris v. Berryhill*, No. 4:17-CV-00041, 2019 WL 1372164, at *3 (W.D. Va. Mar. 26, 2019).

The ALJ found, and the Magistrate Judge agreed, Plaintiff failed to establish her use of a cane is medically required so that the ALJ should have required hypotheticals include the cane. One medical record of a consultative examination noted Plaintiff walked with a cane and her gait was ataxic. However, this was determined to be insufficient in *Harris*, where the court found a treatment note that the plaintiff used a cane, but not that the medical provider prescribed or agreed its use was necessary. *Id.* ("The ALJ, and the Magistrate Judge, properly concluded that there was no *objective* evidence of the medical necessity for a cane."). Medical evidence of swelling and ataxic gait do exist in the record, however, there is no medical judgment that these symptoms would be alleviated by use of a cane or that the swelling and gait medically require the use of a cane. Further, there is no evidence, as required by SSR 96-9p, of the circumstances for which the cane is needed (i.e., for prolonged ambulation, walking on uneven terrain, periodically, descending slopes, etc.).

Accordingly, the court finds Plaintiff has failed to prove her cane is medically required, and overrules Plaintiff's objection.

### 3) *Lack of Insurance*

The Magistrate Judge found the ALJ did not penalize Plaintiff for failing to seek treatment she could not afford, as there is no indication the ALJ relied on a lack of treatment to discount Plaintiff's subjective complaints. Dkt. No. 22 at 21. The Report found the ALJ did not base his

7

disability determination on Plaintiff's failure to obtain treatment, but rather reviewed the evidence and explained the reasons for his determination. *Id.* at 22.

Plaintiff objected, arguing the ALJ held Plaintiff's lack of insurance against her in his "dismissive analysis of Sherman Chiropractic's records and opinion" and his finding Plaintiff's cane was not medically necessary "due to a dearth of medical records." Dkt. No. 23 at 6-7. She contends she "failed to predict the technical requirement that a prescription for her cane was necessary, and further failed to predict that she needed to literally speak to her inability to pay and its relation to her lack of medical care." *Id.* at 7. She submits the "cane analysis, which is outcome determinative," penalizes her for not being able to seek treatment to get a prescription for her cane, in violation of *Lovejoy v. Heckler*, 790 F.2d 1114, 1117 (4th Cir. 1986). *Id.*

The court agrees with the Magistrate Judge the ALJ did not base any of his decisions regarding Plaintiff's disability on her inability to pay for treatment. Plaintiff's citations to the record (R. 381, 382, 593, 862) do not discuss Plaintiff's inability to pay for an office visit regarding a cane or failure to receive treatment related to her alleged disability diagnoses. Records from a hospital stay mention she has no insurance (R. 381, 382) and records from Upstate Lung and Critical Care Specialists note she needs a formal sleep study once she has insurance (R. 593, 862). If anything, these records reveal Plaintiff was able to avail herself of care when needed, perhaps despite her lack of insurance.

Further, the court disagrees with points cited by Plaintiff in which she alleges the ALJ held her lack of insurance against her regarding Sherman Chiropractic and her cane. Plaintiff notes the ALJ's "dismissive analysis" of the chiropractic records was evidence he "held such lack of

8

insurance against" her. However, the ALJ made no reference to insurance while discussing Sherman Chiropractic's records or questionnaire. He simply explained he did not find the questionnaire persuasive because he found it conflicted with the office's own records. Although he noted the questionnaire might not be from an acceptable medical source, he treated it as if it was.

Similarly, the ALJ did not treat Plaintiff's cane as not medically necessary "due to a dearth of medical records" and hold a lack of insurance coverage against her in that regard. It is true the ALJ found "no record confirming" the cane as medically necessary. However, this was not because there were no medical records or a "dearth" of documentation. Plaintiff saw providers and one noted she was using a cane. However, no provider stated she needed the cane to walk, or the circumstances in which it is needed (as required by SSR 96-9p), and this is where her evidentiary support fell short.

Accordingly, the court finds the ALJ did not use Plaintiff's lack of insurance as a reason to discount her complaints or evidence, or deny her benefits. Plaintiff's objection is overruled.

### <u>Conclusion</u>

For the reasons set forth above, the court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
July 21, 2026

9